UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** SG Services, Inc. v. Erin Oliver

**Case Number:** 06-01116

## Document Information

**Description:** Complaint (06-1116) SG Services, Inc. vs. Erin Oliver . NOS 426 Dischargeability 523 . ( Filing Fee $ 250.00 Receipt # 1907)

**Received on:** 2006-05-01 15:47:40.000

**Date Filed:** 2006-05-01 00:00:00.000

**Date Entered On Docket:** 2006-05-02 00:00:00.000

## Filer Information

**Submitted By:** Chris Pierce

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
Erin L. Oliver-Warren  xxx-xx-5928,           Case No. 7-06-10081-MA
        Debtor.
_____

SG SERVICES, INC.,
an Oregon Corporation,

        Plaintiff,

v.                                             Adversary No. _____

ERIN OLIVER,

        Defendant.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT, FOR DAMAGES AND FOR INJUNCTIVE RELIEF**

SG Services, Inc. ("SG") for its Complaint against Defendant Erin Oliver ("Oliver") alleges:

**JURISDICTION AND VENUE**

1. On January 27, 2006 Erin Oliver commenced the above-captioned voluntary bankruptcy case under Chapter 7 of the United States Bankruptcy Code.

2. The Court has jurisdiction over the subject matter herein and the parties to this action. This action is a core proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(I). Venue is proper in this Court.

**THE PARTIES**

3. At all material times herein, SG is and was a corporation organized under the laws of the State of Oregon.

4. At all material times herein, Erin Oliver is an individual who resides in

1

New Mexico. The federal minimum contacts test is satisfied by the proper service of a defendant under Rule 7004, Fed.R. Bankr. P. who resides in the United States, and therefore this Court has personal jurisdiction over the Defendant.

## GENERAL ALLEGATIONS

5. SG in an on-line, web-based community located at www.suicidegirls.com (the "SG Website") that features news, journals, interviews, and photos of models.

6. The SG Website has several subscription plans. One of those plans provides that subscribers pay $4 per month if they commit to a year's membership to the SG Website.

7. SG also operates a successful national and international burlesque tour that has performed in Albuquerque, New Mexico and intends to perform in Albuquerque again (the "SG Tour").

8. As of November 4, 2004, Oliver is the registrant of record for the website www.gloomdolls.com (the "Site"). At all materials times, the Site was available in the State of Oregon and elsewhere.

9. Oliver is also the manager of a burlesque troupe called Burlesque Noir that is based in and performs in New Mexico and competes with the SG Tour in the Albuquerque market.

10. On or about September 21, 2005, the Site, which is subtitled "SGirls, Tales From The Dark Side" and claims to be a factual tell-all about SG, launched.

11. The title of the home page of the Site reads: "SGirls: The Real Story." The home page of the Site further declares that "[t]his is the home for the factual stories behind the SGirls and their depraved practices. This website is a way of archiving things

that have been said on other public forums but due to censorship problems has been or will be terminated. This is place where connections in high places don't reach."

12. Content on the Site includes posts made by a SG model named Jennifer Caravella (aka Sicily) ("Caravella") on another website called Myspace.com.

13. As an SG model, Caravella entered into a Confidentiality, Invention Ownership & Intellectual Property Agreement on June 13, 2005 (the "Caravella Confidentiality Agreement").

14. The posts on Myspace.com made by Caravella violated the Caravella Confidentiality Agreement because they contained SG confidential information. The Myspace.com posts also contained unsubstantiated allegations against SG (the "Caravella Allegations"). Caravella's posts on Myspace.com were removed by Myspace.com at SG's request.

15. In addition to the statements set forth in paragraphs 11-14, the Site also contains other statements that falsely disparage or are misleading about SG.

16. Not only does the Site contain falsely disparaging and misleading statements, the Site encourages visitors to the Site to covertly distribute such false and misleading information to the media and to post it in other places on the Internet.

17. Oliver further blatantly disregards the unlawfulness of any of content found on the Site by stating on the Site that although content posted on the Site may have been removed from other sites, that content will not be removed from the Site.

18. The Site also encourages visitors to the Site who are members of the SG website and have agreed to pay $4 per month for one year, to breach their membership agreement with SG and not pay SG. If Oliver's suggestion was followed, the result

3

would be financially crippling to SG.

19. On September 27, 2005, immediately after learning of Oliver's actions, SG's lawyers wrote to Oliver and placed her on notice that statements made in the Caravella Allegations contained SG confidential information, were disclosed in breach of the Caravella Confidentiality Agreement and that the Site contained numerous statements that were falsely disparaging or misleading and demanded that all such content be removed and that Oliver enter into settlement negotiations (the "SG Letter").

20. On or before October 3, 2005, without contacting SG, Oliver removed the statements set forth in General Allegation 11 from the Site and replaced it with the SG Letter, but continued to display the Caravella Allegations in their entirety and all other content referred to herein.

## FIRST CLAIM FOR RELIEF
### (International Interference with Economic Relations and Contractual Relations)

21. SG incorporates by reference the allegations in paragraphs 1-20.

22. At no time did SG authorize, either directly or indirectly, Defendant to: a) publish SG confidential information, including that SG confidential information that was subject to the Caravella Confidentiality Agreement; b) encourage members of the SG Website to breach their membership agreement with SG; c) authorize, either directly or indirectly, Caravella to disclose SG confidential information; or d) authorize, either directly or indirectly, any SG Website member to breach their agreement with SG.

23. Defendant improperly and without authorization from SG, published SG confidential information that was subject to the Caravella Confidentiality Agreement and encouraged members of the SG Website to breach their membership agreement with SG. In so doing, Defendant misrepresents to the public generally, and to Caravella and SG

4

Website members specifically, that they, respectively, are authorized to disclose SG confidential information, including SG confidential information that is subject to the Caravella Confidentiality Agreement and that members of the SG Website may breach their membership agreement with SG.

24. Despite being put on notice that SG does not authorize Defendant to publish SG confidential information, including SG confidential information that was subject to the Caravella Confidentiality Agreement, or authorize Defendant to encourage members of the SG Website to breach their membership agreement with SG, Oliver has continued, and to this date continues, to do so willfully and with full knowledge that she has no authority form SG to do so.

25. SG has entered into direct business relationships with Caravella and all members of the SG Website.

26. Defendant, who is an unauthorized third party, has intentionally interfered with those relationships using improper means of deceit, misrepresentation, defamation, or disparaging falsehood (as set forth in paragraphs 22-24).

27. Defendant improperly, willfully and maliciously, and without authorization from SG, assisted Caravella in breaching the Caravella Confidentiality Agreement, and, upon information and belief, Defendant improperly, willfully and maliciously, and without authorization from SG, assisted others in breaching Confidentiality Agreements with the Plaintiff.

28. Defendant's actions have caused damage to SG's business relationships and to SG's prospective economic advantage.

29. Defendant's unauthorized actions and tactics have been taken for the

improper purpose of causing confusion among SG's Website subscribers and consumers and potential SG Website subscribers and consumers and have caused, and continue to cause, harm to SG, including without limitation harm to SG's reputation among consumers and to SG's goodwill.

30. SG, as well as members of the public, will suffer irreparable harm if Defendant continues to publish SG confidential information, including SG confidential information that was subject to the Caravella Confidentiality Agreement, and if Defendant encourages members of the SG Website to breach their membership agreement with SG. SG has no adequate remedy at law; the harm to SG outweighs any prejudice to the Defendant by enjoining Defendant's actions, and public policy would either encourage such injunction or would not preclude such injunction.

31. 11 U.S.C. §523 states: (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;…

32. The actions of Defendant as described above were willful, malicious and caused injury to the property of the Plaintiff, and the Defendant should not be discharged from the debts arising from such actions.

WHEREFORE, SG prays for a judgment of this Court in favor of SG and against Defendant as follows:

1. For judgment in favor of SG that Defendant intentionally interfered with SG's economic and contractual relationships with Caravella and SG Website members;

2. For damages in an amount to be determined at trial, plus punitive damages;

3. For a temporary, preliminary and permanent injunction restraining and enjoining Defendant, her agents, servants, employees, successors, licensees, subsidiaries and assignees, joint ventures, and any persons in active concert or participation with any of them, from:

    (a) competing unfairly with Plaintiff in any manner;

    (b) intentionally interfering with SG's economic and contractual relationships, including with Caravella and SG Website members;

    (c) continuing to perform in any manner whatsoever any of the other acts complained of in this complaint;

4. For a judgment pursuant to 11 U.S.C. §523(a)(6) that the damages caused by Defendant and suffered by the Plaintiff are not dischargeable on the basis that they constitute willful and malicious injury by the debtor to the property of the Plaintiff;

5. For Plaintiff's attorneys' fees, costs and disbursements incurred herein, and for pre-and post-judgment interest, and

6. For such other relief this Court deems just and equitable.

    Respectfully submitted:

    DAVIS & PIERCE, P.C.
    <u>/s/ Electronically filed 05/01/06</u>
    Chris W. Pierce, Esq.
    Attorneys for SG Services, Inc.
    PO Box 6
    Albuquerque, NM 87103
    (505) 243-6129 phone
    (505) 247-3185 fax

F:\SG Services\Pleadings\COMPLAINT.doc:jg

7

Case 06-01116-m    Doc 1    Filed 05/01/06    Entered 05/02/06 08:11:00 Page 8 of 8